**Rule 126.  Citations of Authorities**

      **(a)**    **[A party citing authority that is not readily available shall attach the authority as an appendix to its filing.]**  When citing authority, a party should direct the court's attention to the specific part of the authority on which the party relies.  **A party citing authority that is not readily available shall attach the authority as an appendix to its filing.  If a party cites a decision as authorized in paragraph (b), (c), or (d), the party shall indicate the value or basis for such citation in a parenthetical following the citation.**

      **(b)**    ***Non-Precedential Decisions.***

          **(1)**    **As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 or an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.**

          **(2)**    **Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.**

      **(c)**    ***Single-Judge Opinions of the Commonwealth Court.***

          **(1)**    **A reported single-judge opinion in an election law matter filed after October 1, 2013, may be cited as binding precedent only in an election law matter.**

          **(2)**    **All other single-judge opinions, even if reported, shall be cited only for persuasive value and not as binding precedent.**

      **(d)**    ***Law of the Case and Related Doctrines.*—Any disposition may always be cited if relevant to the doctrine of law of the case, *res judicata*, or collateral estoppel, or if relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding.**

**Official Note:**

*Paragraph (a)*

Pa.R.A.P. 126 is intended to ensure that cited authority is readily available to the court and parties. **Paragraph (a) encourages parties to provide citations to the specific pages of cases and sections or subsections of statutes or rules that are relevant to the reason for the citation. [This rule is not intended to supersede any internal operating procedure of an appellate court regarding the citation to memorandum decisions or unreported opinions.** *See, e.g.,* **Superior Court Internal Operating Procedure § 37, 210 Pa. Code § 65.37; Pa.R.A.P. 3716 and Commonwealth Court Internal Operating Procedure § 414, 210 Pa. Code § 69.414.**

**The second sentence of the rule encourages parties to provide pinpoint citations for cases and section or subsection citations for statutes or rules.]**

Although the rule does not establish rules for citation, the following guidelines regarding the citation of Pennsylvania cases and statutes are offered for parties' benefit:

Regarding cases, the rule does not require parallel citation to the National Reporter System and the official reports of the Pennsylvania appellate courts. Parties may cite to the National Reporter System alone.

Regarding statutes, Pennsylvania has officially consolidated only some of its statutes. Parties citing a statute enacted in the Pennsylvania Consolidated Statutes may use the format "1 Pa.C.S. § 1928." Parties citing an unconsolidated statute may refer to the Pamphlet Laws or other official collection of the Legislative Reference Bureau, with a parallel citation to *Purdon's Pennsylvania Statutes Annotated*, if available, using the format, "Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104" or "Section 3(a) of the Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7106(a)." Parties are advised that *Purdon's* does not represent an official version of Pennsylvania statutes. *In re Appeal of Tenet HealthSystems Bucks Cnty., LLC*, 880 A.2d 721, 725-26 (Pa. Cmwlth. 2005), appeal denied, 897 A.2d 1185 (Pa. 2006).

**Litigants are directed to provide, as far as practicable, citations to non-precedential decisions from electronic databases, such as LEXIS or Westlaw or any other readily available website. Opinions of the appellate courts are posted at http://www.pacourts.us and that website has searching and filtering capabilities. If another Rule of Appellate Procedure requires a paper copy, one should be provided.**

Prior to Pa.R.A.P. 126, the format for citation was discussed only in Pa.R.A.P. 2119(b), a rule applicable to briefs.  The format guidelines **[above]** are not mandatory, and a party does not waive an argument merely by failing to follow the format.  The guidelines **[above]** do, however, provide assistance to parties looking for generally acceptable citation format in Pennsylvania**'s appellate courts**.

### *Paragraph (b)*

**Paragraph (b) defines non-precedential decisions and their value for citation purposes.  The new term is intended to harmonize the designations of intermediate appellate court opinions.  Thus, "non-precedential decision" encompasses what are referred to as unpublished non-precedential memorandum decisions of the Superior Court and unreported memorandum opinions of the Commonwealth Court.**